## RODOLPHUS B. JOHNSON AND CHARLES T. CHILDS, Appellants, *v.* EDWARD G. KELLY, Respondent.

*Complaint by one partner to recover proportion of loss from his copartner — demurrer to — not sustained when it applies only to the prayer for relief.*

A complaint, alleging that a copartnership was entered into, in which plaintiffs and defendant were to share losses and profits; that it had expired, and that a loss had been sustained, and asking a money judgment, states a cause of action; and if the facts are true, the plaintiffs are entitled to recover.

If the issue made by the answer in such case, required an accounting to be had, it would be ordered, notwithstanding a money judgment was asked for.

APPEAL from a judgment entered at Special Term, sustaining defendant's demurrer to the complaint of the plaintiffs. The complaint alleged that the following agreement had been entered into between the parties to this action :

"An agreement for the term of one year from the 20th day of July, 1869, by and between E. G. Kelly, Esq., of the first part, and R. B. Johnson, for self and C. T. Childs, of the second part, for the purpose of manufacturing of oil at the works of said Kelly.

"Witnesseth, that said Kelly, owning the fixtures and appurtenances belonging to the so-called New York City Oil Works, located at Hunter's Point, L. I., on land of Messrs. Root & Rust, doth hereby agree, for the above-mentioned term of time, to put in running order, and pay the rent for the same, for the above-mentioned purpose; and,

"Whereas, the said Johnson and Childs doth hereby agree to furnish a capital of $8,000 or $10,000, to be applied for the purpose of manufacturing oil at said Kelly's factory during said time.

"Profits to be equally divided, and losses jointly borne, said Kelly one-half and said Johnson & Childs one-half.

"It is further agreed, that, whenever said Kelly shall cause, at his own expense, to be located on said premises a still of the capacity of 200 barrels, in good order for distillation, then the said Johnson and Childs are to jointly pay one-half of said rent for the unexpired time, or to such time as the business may continue under the foregoing partnership.

"It is further understood that the said manufacturing, in all its details, shall be under the managing care of said Johnson. It is also agreed that said Kelly reserve for his own purpose the right of coopering and occupying the ground he now occupies in rear of office, free of charge, until such time as might be deemed advisable by said Johnson for all concerned to connect said coopering with said manufacturing.

"E. G. KELLY,
"R. B. JOHNSON, for self and
"C. T. CHILDS."

That, according to the terms of said partnership, the said R. B. Johnson and C. T. Childs furnished moneys to the amount named

in the above contract, and the said R. B. Johnson superintended the manufacture of oil at the works described therein, for the time specified in said contract.

That, at the expiration of said partnership, on the 20th day of July, 1870, there had been received to its credit $40,041.37, and there had been expended to its debit $43,418,13, making a loss of $3,376.76, one-half of which is $1,688.38.

That the defendant had not paid the said $1,688.38.

The plaintiffs demanded judgment against the defendant for the sum of $1,688.38, and interest and costs.

The defendant demurred, on the ground that the complaint did not state facts constituting a cause of action.

The court, at Special Term, sustained the demurrer, and handed down the following decision:

" Judgment for defendant on demurrer, with costs.

" If the relation between the parties be that of partners, and there has been no accounting and promise, the form of the action must be for an accounting."

The plaintiffs appealed to the General Term, from the judgment entered on such decision.

*Frederick T. Glover*, for the appellant. That an action at law was proper. (Willard's Eq. Jur., 92; Story's Eq. Jur., vol. 1, sec. 664, *note; Emery* v. *Pease*, 20 N. Y., 62.) That the court should have allowed an amendment of the prayer for relief. (Wait's ed. Code, p. 519, § 275, note *a*.)

*N. P. Hoxie*, for the respondent.

BARNARD, P. J.:

We think the complaint sets out a cause of action. The plaintiffs and the defendant are stated therein to have entered into a partnership for one year, from July 20th, 1869, in the manufacture of oil; the plaintiffs to furnish capital, and the plaintiffs to bear half the losses, and the defendant half, and to share profits in same proportion. A loss is averred, at the expiration of the partnership, of $3,376.76, and the complaint asks to recover one-half thereof of defendant, namely, $1,638.88. If the facts are true, the plaintiffs will be entitled to recover.

The partnership is terminated. A loss has been realized, and the defendant, in the article of agreement of copartnership, has agreed to pay one-half to plaintiffs.

If the answer admits the complaint, the plaintiffs will be entitled to recover a money verdict, as in an action at law.

If an issue should be made by the answer, calling for an accounting, an accounting would be ordered, notwithstanding a money judgment is demanded in the complaint.

The demurrer is simply to the prayer for judgment, and must be overruled.

Judgment reversed, with leave to defendant to answer in twenty days, on payment of costs.

Present—BARNARD, P. J., and TALCOTT, J.

Judgment reversed, with leave to defendant to answer within twenty days, on payment of costs.